[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13075

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CINDY VANDIVIER,
a.k.a. Madison Brooke,
a.k.a. Madison Brookes,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:21-cr-60101-RS-6

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Cindy Vandivier appeals her sentence for conspiracy to commit mail and wire fraud. The government moves for dismissal of the appeal based on the appeal waiver in her plea agreement. Neal Rosensweig, who was appointed as substitute counsel to represent Vandivier on appeal, moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant the government's motion to dismiss and deny as moot Rosensweig's motion to withdraw.

We will enforce a defendant's sentence appeal waiver if the waiver was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). The government can establish that an appeal waiver was knowing and voluntary by showing that the district court specifically discussed the waiver with the defendant during the plea colloquy and clearly conveyed to her that she was giving up her right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

Here, Vandivier entered a knowing, intelligent, and voluntary guilty plea pursuant to a plea agreement containing a sentence appeal waiver. At the change-of-plea hearing, the district court conducted a plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure, confirming that Vandivier's guilty plea was not coerced and that she understood the nature of the charges and

the consequences of her plea, including the sentence appeal waiver. *See* Fed. R. Crim. P. 11(b); *Boyd*, 975 F.3d at 1188 n.2. The court questioned Vandivier about the plea agreement generally and about the appeal-waiver provision specifically, and she confirmed that she understood and agreed to the waiver.

Because we are satisfied that Vandivier's sentence appeal waiver was knowingly and voluntarily made and none of the exceptions to the waiver apply, we GRANT the government's motion to dismiss the appeal. We DENY AS MOOT Rosensweig's *Anders* motion to withdraw as counsel.

**APPEAL DISMISSED.**